| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------X<br>UNITED STATES OF AMERICA,<br><br>                                      Plaintiff,<br><br>      -against-<br><br>MARIA I. CUERVO,<br><br>                                      Defendant.<br>----------------------------------------------------------------X | FOR ONLINE PUBLICATION ONLY<br>**FILED**<br>**CLERK**<br>1/5/2026 8:53 am<br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE**<br><br>**MEMORANDUM & ORDER**<br>25-cv-1661 (JMA) (ARL) |

**AZRACK, United States District Judge:**

      Before the Court is Plaintiff United States of America's motion for default judgment pursuant to Fed. R. Civ. P. 55(b) against Defendant Maria I. Cuervo. (See ECF No. 8.) The Government commenced this action pursuant to 26 U.S.C. § 7401 to recover unpaid tax liabilities and penalties from the Defendant. (See id.; ECF No. 1.) The Government seeks $218,408.10, plus statutory additions, including interest, from and after June 12, 2025. (ECF No. 8.) For the following reasons, Plaintiff's motion is GRANTED.

## I.    DISCUSSION

**A.**    **Defendant Maria I. Cuervo Defaulted**

      The record reflects that Defendant was properly served in this action but has not answered, appeared, or responded to the instant motion for default judgment. (See ECF No. 7.) Defendant has not presented any defense to this action, let alone a meritorious defense. Accordingly, the Court finds Maria Cuervo to be in default.

**B.**    **Liability**

      When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and to draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here,

those requirements are met.

Under 26 U.S.C. § 7401, the United States may bring civil actions to collect penalties, fines, and taxes in cases where the Secretary of the Treasury consents to the proceedings, and the Attorney General or his agent authorizes that the action be commenced. 26 U.S.C. § 6701 imposes penalties on individuals who knowingly aid or abet the understatement of another person's tax liability. 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. 1961(c) provide for the accrual of interest on tax liabilities.[1]

Generally, the Government's tax assessment is "entitled to a presumption of correctness." United States v. McCombs, 30 F.3d 310, 318 (2d Cir. 1994); see also United States v. Fior D'Italia, Inc., 536 U.S. 238, 242 (2002) ("An 'assessment' amounts to an IRS determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes. It is well established in the tax law that an assessment is entitled to a legal presumption of correctness—a presumption that can help the Government prove its case against a taxpayer in court."); United States v. Kistler, No. 21-cv-1283, 2022 WL 3343755, at *4 (M.D. Pa. July 12, 2022), report and recommendation adopted, No. 21-cv-1283, 2023 WL 4166372 (M.D. Pa. June 23, 2023) ("[F]ederal income tax assessments, including civil penalties (i.e., for negligence) and interest, 'are generally presumed valid and establish a prima facie case of liability against a taxpayer.'" (quoting Freck v. I.R.S., 37 F.3d 986, 992 n.8 (3d Cir. 1994))); United States v. Gachette, No. 20-cv-1267, 2021 WL 3557800, at *5 (M.D. Fla. May 20, 2021), report and recommendation adopted, No. 20-cv-1267, 2021 WL 2886077 (M.D. Fla. July 9, 2021) (applying the presumption of correctness to an assessment of Section 6701 penalties). A taxpayer who wishes to challenge the validity of a tax assessment "bears

---

[1] 28 U.S.C. § 1961(c) states that this section does not apply to "the judgment of any court with respect to any internal revenue tax case," but also provides that "[i]nterest shall be allowed in such cases at the underpayment rate or overpayment rate (whichever is appropriate) established under [26 U.S.C. § 6621]." Accordingly, interest shall accrue at the underpayment rate set out in Section 6621.

the burdens both of production and of persuasion." McCombs, 30 F.3d at 318.

The uncontroverted allegations in the Complaint, which are set out below, are sufficient to establish that Maria Cuervo is liable under 26 U.S.C. § 7401 and § 6701. Defendant failed to pay her full tax liabilities for tax years 2010, 2013, 2014, 2015, 2016, 2017, and 2021. (See ECF No. 1 ¶ 3.) Defendant additionally owes civil penalties for aiding and abetting in the understatement of another person's tax liability, resulting in penalties, during tax years 2015, 2016, 2017, and 2018. (Id.) The Complaint alleges that: (1) a delegate from the Secretary of Treasury made an assessment against Defendant for the unpaid taxes, penalties, and interest for each of those tax periods; and (2) despite notice and demand, Defendant allegedly refused or failed to pay her tax liabilities and civil penalties. (Id. ¶¶ 3–5.) Those assessments are entitled to a presumption of correctness. The allegations in the Complaint state valid claims under Section 7401 and Section 6701 and therefore are sufficient to establish Defendant's liability for a default judgment.

**C.     Damages**

Plaintiff is awarded damages in the amount of $218,408.10, which represents Defendant's liability through June 12, 2025 for unpaid tax liabilities, including interest, in the amount of $81,103.36 for the tax years 2010, 2013, 2014, 2015, 2016, 2017, and 2021, as well as unpaid civil penalties, including interest, in the amount of $137,304.74 for the tax years 2015, 2016, 2017, and 2018. (ECF No. 8 ¶ 7.) Additionally, Plaintiff is awarded statutory additions accruing since June 12, 2025, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

## II.     CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment is GRANTED in the amount of $218,408.10, plus statutory additions accruing since June 12, 2025, including interest pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c). The Clerk of Court is

directed to enter judgment and to close this case.

**SO ORDERED.**

Dated:   January 5, 2026
         Central Islip, New York

                                                            /s/ (JMA)
                                                JOAN M. AZRACK
                                                United States District Judge